11 MURRAY, Judge.
Lori Gallicio Dawson appeals summary judgment granted in favor of Latter & Blum Property Management, Inc. For the following reasons, we affirm in part, and reverse in part and remand.
FACTS AND PROCEDURAL HISTORY:
Ms. Dawson was a temporary employee of one of the tenants of the First National Bank of Commerce Building at 210 Baronne Street in New Orleans. She claims that she sustained physical and mental injuries on or about September 14, 1994 when the FNBC building elevator in which she was riding suddenly dropped, then stopped.
Ms. Dawson initially filed suit against the owner of the building, its insurer, and Otis Elevator Company asserting claims of both strict liability and negligence against all defendants. More specifically, Ms. Dawson alleged that the owners and operators of the building were strictly liable for maintaining a defective elevator on its premises, and that Otis Elevator Company was strictly liable for having ^¡defective elevator in its custody. She alleged that the owners/operators were negligent in maintaining the premises, and that Otis Elevator Company was negligent for failing to maintain the elevator as required by the terms of its maintenance contract with the owner.
Ms. Dawson supplemented her petition to add Latter & Blum Property Management, Inc. as a defendant, alleging both negligence and strict liability. As to the strict liability claim, she alleged that Latter & Blum was an additional owner, manager or custodian of the building so as to be responsible under La. Civ.Code art. 2317. She further alleged that Latter & Blum was negligent in maintaining the premises. Latter & Blum answered the supplemental petition admitting that it entered into a management contract with the owner of the building, but denying the remaining allegations of the supplemental petition.
Latter & Blum filed a Motion for Summary Judgment asserting that there were no genuine issues of material fact and that there was no legal theory under which it could be held liable. In support of its motion as to the La. Civ.Code art. 2317 claim, Latter & Blum denied that it owned the building, but submitted no supporting documentation for that fact. In support of its motion for summary judgment on the negligence claim it attached the affidavit of the property manager, claiming that he had no notice of any prior problems or complaints regarding the subject elevator, and that if he had, he would have contacted Otis Elevator Company. In response to the motion, Ms. Dawson agreed that there was no evidence of negligence on the part of Latter & Blum, but argued that Latter & Blum could be found strictly liable *441 as a non-owner of the property. She attached to her opposition a copy of the management contract entered into between Latter & Blum and the owners of the building, and asserted that under this contract Latter |3& Blum had custody and/or control of the building so that it could be found strictly liable under La. Civ.Code art. 2317.
The trial court granted summary judgment dismissing all claims against Latter & Blum.

LAW AND ANALYSIS:

Ms. Dawson contends that summary judgment was improperly granted because Latter & Blum did not carry its burden to show that it is entitled to judgment as a matter of law on the strict liability claim. Specifically, Ms. Dawson argues that Latter & Blum did not deny that it had custody or control of the building, including the elevator, much less put on evidence in support of that position.
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. Facts are material when their existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Smith, supra at 751.
Ms. Dawson’s theory of recovery against Latter & Blum is based on La. Civ.Code art. 2317 strict liability. Article 2317 provides that “[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.” Ms. Dawson does not claim that Latter & Blum owns the building, but rather that, under the terms of the management contract between Latter & Blum and the owner of the building, it had custody and control of the budding, including the elevator, and thus was strictly liable under art. 2317.
| ¿Latter & Blum argues that summary judgment was appropriate in light of the most recent revision to La.Code Civ. Proc. art. 966 because Ms. Dawson did not produce factual support sufficient to establish that she would be able to satisfy her eviden-tiary burden of proof at trial. We disagree.
Art. 966(C) recently has been revised[1] to provide that:
(2) The burden of proof remains with the movant. However, if the movant wdl not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of. the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, (emphasis added)
Latter & Blum did not deny custody and/or control of the FNBC building or the elevator. It did not point out that there is a lack of factual support for Ms. Dawson’s claim that it had custody and/or control of the elevator in which she was injured, an essential element of her claim for strict liability. Because Latter & Blum did not make the requisite showing, the burden never shifted to Ms. Dawson to produce evidence to establish that she would be able to bear her burden of proof on this issue at trial.
The only evidence in this record that speaks to the issue of Latter & Blum’s custody and control of the premises and the elevator is the management contract between it and the building owner.[2] That agreement provides that as part of its duties and powers as manager, Latter & Blum shall use its best efforts to:
|5(d) MAINTAIN the Managed Property in a clean, safe and neat condition, make *442 and supervise all repairs, alterations, and modifications which are necessary for the efficient operation of the Managed Property ...
This evidence is certainly sufficient for a fact finder reasonably to infer that Latter & Blum had custody and control as required for the imposition of strict liability under La. Civ.Code art. 2317.[3] Accordingly, summary judgment as to Latter & Blum was improperly granted on the issue of strict liability.
We affirm that part of the judgment dismissing Ms. Dawson’s claims of negligence against Latter & Blum. Ms. Dawson does not raise the issue of the granting of summary judgment on the negligence claim on appeal, and, in fact, concedes in her Memorandum in Opposition to Motion for Summary Judgment that she “has no evidence that [Latter & Blum] was negligent....” We thus affirm the granting of summary judgment on the negligence claim against Latter & Blum.
The judgment of the trial court is affirmed on the issue of negligence only, and reversed and remanded on the issue of strict liability. The parties are to share the cost of this appeal.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
KLEES, J., concurs.

. Kaufmann v. Fleet Tire Serv. of La., Inc., 97-1428 (La.9/5/97), 699 So.2d 75, provides for retroactive application of the amendment.

. Although Latter & Blum did not make the requisite showing under 966(C) to shift the burden as to the strict liability claim to Ms. Dawson, she introduced the management contract as evidence in opposition to the summary judgment motion.

. Article 2317 was amended and reenacted as Article 2317.1 by Acts 1996, 1st Ex.Sess., Act I, Section 1, to read as follows:
Art. 2317.1. Damage caused by ruin, vice, or defect in things
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
This amendment became effective April 16, 1996, and is a substantive change in the law. It therefore cannot be applied retroactively. See Warren v. Campagna, 96-0834, p. 16, fn. 4 (La. App. 4 Cir. 12/27/96), 686 So.2d 969, 978.